SHAWN ANDERSON
United States Attorney
APRIL R. OWEN
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | MAGISTRATE CASE NO. 21-00229 |
|---|---|
| Plaintiff, | **COMPLAINT** |
| vs. | **ATTEMPTED REENTRY OF A REMOVED ALIEN** |
| TS BORJA aka TS GABRIEL, | [8 U.S.C. §§ 1326 (a) and (b)(1)] |
| Defendant. | |

THE UNDERSIGNED COMPLAINANT CHARGES UPON INFORMATION AND BELIEF THAT:

On or about October 24, 2021, in the District of Guam, the Defendant, TS BORJA aka TS GABRIEL, a non-citizen of the United States, attempted to enter the United States after having been removed or deported therefrom in Guam, on March 1, 2000 for Aggravated Assault, and Defendant not having obtained the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States; in violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

COMPLAINANT FURTHER STATES:

1. I am a Special Agent (SA) for Immigration and Customs Enforcement (ICE) Homeland Security Investigations (HSI) assigned to the Office of the Assistant Special Agent in

COMPLAINT - 1

Charge (ASAC) Guam and have so been employed since January 2007. Prior to that I was employed with the Immigration and Customs Enforcement (ICE), Enforcement and Removal Office (ERO) beginning February of 2002. Prior to ICE, I was assigned to the U.S. Drug Enforcement Administration (DEA) as a Task Force Officer in January 1999. Prior to my assignment at the DEA, I was employed by Guam Customs and Quarantine Agency (CQA) as a Customs Officer I in April of 1997.

2. I am a graduate of the U.S. Immigration Officer Detention and Removal Office (DRO) training program and the ICE Special Agent Training Academy, all held at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. I have received extensive classroom and on the job training in the areas of general law enforcement, criminal investigative techniques, interview and interrogation, general and electronic surveillance, criminal and constitutional law covering federal search and seizure statutes, and the execution of search warrants, among others.

3. My duties as a HSI Special Agent include investigating both criminal and administrative violations of Federal laws pursuant to Titles 8, 18, 19, 21, 31, and others; specifically including but not limited to violations of Title 8, United States Code, Section 1326(a) – Re-entry of Removed Alien.

4. While employed as a HSI Special Agent, I have investigated and assisted other Special Agents in investigating numerous criminal and administrative violations of federal law. In the course of my federal law enforcement career, I have spoken with numerous HSI Special Agents and others who have extensive experience in criminal investigations and who have shared with me the substance of their experiences and the results of their own investigations and interviews. Over the course of my federal law enforcement career, I have been involved in numerous criminal and administrative investigations and arrests.

5. The information contained in this affidavit is based on information and belief. All of the statements and information contained in this affidavit are based upon my involvement in the investigation, notes prepared by myself, and other law enforcement officers and local officials having knowledge of the pertinent facts, my review of official documents and records maintained by various local and federal agencies; surveillance conducted by HSI Special Agents and other law enforcement officials, and interviews of witnesses and other cooperating sources.

6. Because this Affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause of a violation of Title 8, United States Code, Section 1326(a) – Re-entry of Removed Alien.

7. On October 24, 2021, TS BORJA aka TS GABRIEL ("BORJA"), a male citizen of the Federated States of Micronesia (FSM) arrived at the Guam International Airport from Chuuk onboard United Airlines Flight 95 (UA95). During immigration inspection, BORJA presented an FSM Passport #J005895 issued under the name TS GABRIEL to a U.S. Customs and Border Protection officer (CBPO) and applied for admission into the United States under the Compact of Free Association Agreement. Through database queries, CBP officers confirmed that BORJA and GABRIEL were the same person, and that BORJA was previously deported from the United States on or about March 1, 2000 for violation of section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), as amended, as an Alien Convicted of an Aggravated Felony after Entry, a violation that includes a permanent bar from reentering the United States.

8. CBP officers determined that BORJA did not have the required authorization or permission from the Attorney General of the United States or its successor, the Secretary of the Department of Homeland Security, to legally enter the United States. Due to BORJA's prior

deportation record, CBP officers referred the case to HSI Guam Special Agents for further investigation into potential criminal violations pursuant to Title 8, United States Code, Sections 1326(a) and (b)(1), Attempted Re-Entry of a Removed Alien. HSI Guam Special Agents subsequently arrested BORJA for violation of the said criminal statute.

9. Criminal history database checks conducted by HSI Guam Special Agents confirmed that BORJA was previously convicted in Guam Superior Court on February 11, 2000 under Case No. CF3-00 for one count of Aggravated Assault in violation of Title 9 Guam Code Annotated, Sections 19.20(a)(3), (b), and 80.30. BORJA was sentenced to 3 years imprisonment with credit for time served. During an interview, BORJA informed Special Agents that his name is TS Kapren BORJA but also uses the name TS GABRIEL. BORJA admitted that he was in prison in Guam in 1999 and was deported from the United States from Guam to Chuuk, Federated States of Micronesia, in the year 2000. BORJA stated that he did not request for permission to re-enter the United States.

10. Immigration case research conducted by HSI Guam Special Agents confirmed that on or about February 10, 2000, BORJA was administratively arrested and charged by immigration officers for violation of section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), as amended, as an Alien Convicted of an Aggravated Felony after Entry. BORJA was ordered removed or deported from the United States by an Immigration Judge on February 23, 2000 for the said administrative violation and permanently barred from entering, attempting to reenter, or being in the United States due to his said criminal conviction and administrative deportation violation. BORJA was required to obtain permission and authorization prior to re-entering the United States.

11. BORJA did not have the required permission/authorization from the U.S. Department of Justice Attorney General, or its successor, the Secretary of the U.S. Department of

Homeland Security, to re-enter the United States, therefore, BORJA attempted to re-enter the United States at Guam on or about October 24, 2021, in violation of Title 8, United States Code, Sections 1326(a) and (b)(1), Attempted Reentry of Removed Alien.

12. Based on the foregoing, I have probable cause to believe that TS BORJA aka TS GABRIEL committed the offense of Attempted Reentry of Removed Alien, in violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

Dated this 25th day of October, 2021.

_____
RICHARD N. FLORES
Special Agent
Homeland Security Investigations

SUBSCRIBED AND SWORN to before me on this 25 day of October, 2021.

_____
MICHAEL J. BORDALLO
Magistrate Judge
District of Guam

COMPLAINT - 5